UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Willows on France, LLC,

      Plaintiff,

v.                                                 Civil No. 08-5307 (JNE/FLN)
                                               ORDER

American Family Mutual Insurance Company and
Quality Trusted Commercial Construction &
Roofing, Inc.,

      Defendants.

      Willows on France, LLC, brought this action against American Family Mutual Insurance Company (American Family Mutual) in state court.  American Family Mutual removed the action to this Court pursuant to 28 U.S.C. § 1332 (2006), which provides that a federal district court has original jurisdiction of a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  In its Notice of Removal, American Family Mutual asserted that complete diversity of citizenship exists because Willows on France is a Minnesota limited liability company whose principal place of business is in Minnesota and American Family Mutual is a Wisconsin corporation whose corporate headquarters are in Wisconsin.  Willows on France and American Family Mutual then executed a stipulation to allow Willows on France to amend its Complaint to name Quality Trusted Commercial Construction & Roofing, Inc. (Quality Roofing), as a defendant.  Based on the stipulation, the magistrate judge issued an order allowing Willows on France to amend its Complaint.  In its Amended Complaint, Willows on France alleges that Quality Roofing is a Minnesota corporation whose corporate headquarters are in Minnesota.  The Court now orders American Family Mutual to show cause why this action should not be remanded to state court.

As the removing party, American Family Mutual bears the burden of establishing subject matter jurisdiction.  *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).  In its removal papers, American Family Mutual failed to properly allege the citizenship of Willows on France.  *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (stating that a limited liability company's citizenship is that of its members); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (same).  American Family Mutual also incorrectly assumed that the location of its corporate headquarters determines the location of its principal place of business.  *See Capitol Indem. Corp. v. Russellville Steel Co.*, 367 F.3d 831, 836 (8th Cir. 2004) (finding the "total activity test" to be the most appropriate test to determine a corporation's principal place of business).  Having failed to properly allege the citizenship of the parties when it removed this action, American Family Mutual has not satisfied its burden of establishing subject matter jurisdiction.  Moreover, if any member of Willows on France is a Minnesota citizen, then the addition of Quality Roofing as a defendant requires the Court to remand this case to state court.  *See* 28 U.S.C. § 1447(e) (2006).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. By 5:00 p.m. on Tuesday, May 12, 2009, American Family Mutual shall show cause why this action should not be remanded to state court.

2. By 5:00 p.m. on Tuesday, May 12, 2009, the parties shall submit memoranda of law that address whether this action should be remanded to state court.  The memoranda shall comply with Local Rule 7.1(c), (e) except that no memorandum shall exceed 3,500 words.

Dated:  May 5, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge