UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Willows on France, LLC,

      Plaintiff,

v.                                                                           Civil No. 08-5307 (JNE/FLN)
                                                                         ORDER

American Family Mutual Insurance Company and
Quality Trusted Commercial Construction &
Roofing, Inc.,

      Defendants.

Willows on France, LLC, brought this action against American Family Mutual Insurance Company (American Family Mutual) in state court. American Family Mutual removed the action to this Court pursuant to 28 U.S.C. § 1332 (2006), which provides that a federal district court has original jurisdiction of a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). In its Notice of Removal, American Family Mutual asserted that complete diversity of citizenship exists because Willows on France is a Minnesota limited liability company whose principal place of business is in Minnesota and American Family Mutual is a Wisconsin corporation whose corporate headquarters are in Wisconsin. Willows on France and American Family Mutual then executed a stipulation to allow Willows on France to amend its Complaint to name Quality Trusted Commercial Construction & Roofing, Inc. (Quality Roofing), as a defendant. Based on the stipulation, the magistrate judge issued an order allowing Willows on France to amend its Complaint. In its Amended Complaint, Willows on France alleges that Quality Roofing is a Minnesota corporation whose corporate headquarters are in Minnesota. On May 5, 2009, the Court ordered American Family Mutual to show cause why this action should not be remanded to state court.

1

In the May 5 Order, the Court noted that American Family Mutual, as the removing party, bears the burden of establishing subject matter jurisdiction, *see Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005); that American Family Mutual failed to properly allege the citizenship of Willows on France in its removal papers, *see OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (stating that a limited liability company's citizenship is that of its members); *GMAC Commercial Credit LLC v. Dillard Department Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (same); and that American Family Mutual incorrectly assumed that the location of its corporate headquarters determines the location of its principal place of business, *see Capitol Indemnity Corp. v. Russellville Steel Co.*, 367 F.3d 831, 836 (8th Cir. 2004) (finding the "total activity test" to be the most appropriate test to determine a corporation's principal place of business).  The Court also noted that the addition of Quality Roofing as a defendant requires the Court to remand this case to state court if any member of Willows on France is a Minnesota citizen.  *See* 28 U.S.C. § 1447(e) (2006).  Having alerted American Family Mutual to the deficiencies in its Notice of Removal, *see id.* § 1447(c), and to the fact that American Family Mutual stipulated to the joinder of a party whose presence may destroy subject matter jurisdiction, *see id.* § 1447(e), the Court was surprised by both the tone and content of American Family Mutual's response.

Before addressing that response, the Court briefly reviews some of the jurisdictional limitations to which federal courts are subject.  "It is a verity that federal courts are courts of limited jurisdiction.  Parties may not enlarge that jurisdiction by waiver or consent."  *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009); *see Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).  "Even in the absence of a challenge from any party, courts have an

independent obligation to determine whether subject matter jurisdiction exists." *Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006). Where subject matter jurisdiction does not exist, a federal court may not decide "just a few" legal or factual questions before dismissing or remanding a case. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). Nor may a federal court "assume 'hypothetical jurisdiction' to decide 'contested questions of law when its jurisdiction is in doubt.'" *Ark. Blue Cross & Blue Shield*, 551 F.3d at 816 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). The expenditure of significant time and effort provides no shelter to a case whose jurisdictional foundations are lacking. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *Steel Co.*, 523 U.S. at 95 ("This Court's insistence that proper jurisdiction appear begins at least as early as 1804, when we set aside a judgment for the defendant at the instance of the losing plaintiff *who had himself failed to allege the basis for federal jurisdiction.*"); *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1078 (8th Cir. 2003) ("Given the considerable resources and time exhausted by the federal courts and the parties in this action, we would like to ignore NEI's belated jurisdictional challenge. Unfortunately, we cannot. Having considered the jurisdictional challenge, we reluctantly agree with NEI that federal diversity jurisdiction is lacking." (citations omitted));[1] *see also Belleville*

---

[1] The Eighth Circuit's opinion in *Kessler* cited above was the *fourth opinion* issued by the Eighth Circuit in that case. 347 F.3d at 1078. Its prior opinions had addressed "questions regarding the *D'Oench* doctrine," "the timing of a challenge to the dismissal of a third-party complaint," and "certain provisions of the Arkansas Time-Share Act." *Id.* (footnote omitted). In its fourth opinion, having reluctantly agreed that that federal diversity jurisdiction was lacking, the Eighth Circuit remanded the case to the district court with directions to remand the case to the state court from which it was removed. *Id.* at 1078, 1081.

*Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 694 (7th Cir. 2003) (vacating judgment issued after jury trial and remanding case with instructions to dismiss it for lack of subject matter jurisdiction where complete diversity of citizenship did not exist between a plaintiff corporation and a defendant LLC). In short, "[i]t is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford*, 267 F.3d at 764.

The Court now turns to American Family Mutual's response to the May 5 Order. American Family Mutual's opening paragraph asserts that American Family Mutual "properly removed this case over seven months ago," that Willows on France "never challenged or objected" to the removal, and that "the parties have already expended considerable time and effort in this forum." This response to the May 5 Order, which teed up jurisdictional issues, is a whiff. Much of what American Family Mutual says may be true, but it is simply not germane to the issues raised by the Court.

First, it is not accurate to say that American Family Mutual properly alleged the citizenship of the parties at the time of removal. As the Court noted on May 5, a limited liability company's citizenship, for purposes of diversity jurisdiction, is that of its members. *OnePoint Solutions*, 486 F.3d at 346; *GMAC Commercial Credit*, 357 F.3d at 829. Nowhere in Willows on France's Complaint or in American Family Mutual's Notice of Removal does the citizenship of Willows on France's members appear.[2] American Family Mutual contends that it had "an objectively reasonable basis for removal" based on Willows on France's allegation that it is a Minnesota limited liability company whose principal place of business is in Minnesota. American Family Mutual's subjective belief that it properly removed is not in question, but it is simply irrelevant to the jurisdictional inquiry. *See Rolling Greens MHP, L.P. v. Comcast SCH*

---

2   Of course, Willows on France, having brought the action in state court, likely had no reason to state the citizenship of its members in its Complaint.

*Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) (noting that the removing party, a limited liability company, "failed to adequately allege in its notice of removal the citizenships of itself" or of the plaintiff, a limited partnership); *cf. Belleville Catering*, 350 F.3d at 693-94 ("Lawyers for defendants, as well as plaintiffs, must investigate rather than assume jurisdiction; to do this, they first must learn the legal rules that determine whose citizenship matters . . . .").

American Family Mutual also persists in its assertion that it properly identified its principal place of business by stating the location of its corporate headquarters. "From [its] perspective," American Family Mutual writes, "the citizenship question as to it is resolved." It is not. As the Court noted on May 5, the "total activity test" determines a corporation's principal place of business. *Capitol Indem.*, 367 F.3d at 836. "[S]ubmission of a simple description of [American Family Mutual's] activities in Wisconsin [is] the most straightforward and preferred method" of establishing that American Family Mutual's principal place of business is in Wisconsin. *Id.* at 835.

More importantly, though, American Family Mutual's submission ignores the concern raised by the Court in its previous Order about Quality Roofing's presence as a defendant. *See* 28 U.S.C. § 1447(e). That subsection states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Finally, American Family Mutual asks the Court to rule on a pending motion even if remand is appropriate: "[I]f the Court . . . deems it necessary to ultimately remand this case, American Family [Mutual] respectfully requests that the Court first rule on American Family [Mutual's] pending declaratory judgment motion, for the sake of judicial economy, efficiency,

5

and fairness, prior to any remand." For the reasons detailed above, American Family Mutual's request is fundamentally inconsistent with the jurisdictional limitations to which this Court is subject.

After American Family Mutual submitted its response, Willows on France responded to the Court's May 5 Order. Willows on France apprehends the Court's concerns. Willows on France asserts that it is a citizen of Minnesota, that it can obtain affidavits regarding citizenship from its members within a few days, and that this case must be remanded because of Quality Roofing's joinder. *See id.* Willows on France does not dispute that American Family Mutual could present facts sufficient to establish that American Family Mutual's principal place of business is in Wisconsin. Willows on France proposes that it and American Family Mutual be allowed fifteen days to exchange information regarding the citizenship of Willows on France's members.

Under the circumstances of this case, Willows on France's request for a brief period to exchange jurisdictional information appears reasonable. Accordingly, the Court affords Willows on France, American Family Mutual, and Quality Roofing fifteen days to exchange jurisdictional information. At the close of this period, the parties shall advise the Court in writing whether any dispute regarding subject matter jurisdiction remains.

Finally, the Court has cancelled the hearing on American Family Mutual's motion for a declaratory judgment and to dismiss. After the issue of subject matter jurisdiction is resolved, the Court will reschedule the hearing if warranted.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The parties may exchange jurisdictional information during the next fifteen days. By 5:00 p.m. on May 29, 2009, the parties shall advise the

Court in writing whether any dispute regarding subject matter jurisdiction remains.  If there is no disagreement, the parties shall submit evidence that substantiates the existence or lack of subject matter jurisdiction.  After reviewing the evidence, the Court will issue an appropriate order.  In the event there remains disagreement regarding subject matter jurisdiction, the parties shall contact the magistrate judge's chambers to establish an appropriate procedure to resolve the dispute.

Dated:  May 14, 2009

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge
